DA 06-0429

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 231N

HUGH GWYNN, CMR FAMILY LIMITED
PARTNERSHIP, and SANDTANA, INC.,

        Plaintiffs and Appellants,

  v.

KLABZUBA OIL & GAS, INC., and
MONTANA BOARD OF OIL AND
GAS CONSERVATION,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DV-21-2005-064
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Loren J. O'Toole, II, O'Toole Law Firm, Plentywood, Montana

        For Respondents:

            Matthew K. Hutchison, Kaufman, Vidal, Hileman & Ramlow, P.C.,
Kalispell, Montana

            Norman C. Peterson, Assistant Attorney General,
Agency Legal Services Bureau, Helena, Montana

            Blake M. Pickett, Welborn, Sullivan, Meck & Tooley, P.C.,
Denver, Colorado

                Submitted on Briefs:  May 2, 2007

                        Decided:  September 11, 2007

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Hugh Gwynn, CMR Family Limited Partnership, Inc., and Sandtana, Inc. (Appellants), appeal from an order of the Twelfth Judicial District Court granting summary judgment to Klabzuba Oil & Gas, Inc. (KOGI) and the Montana Board of Oil and Gas Conservation (Board). We affirm.

¶3 On August 7, 2003, an entity known as the J. Burns Brown Operating Company (JBBO) filed an application with the Board to establish a permanent spacing unit for a proposed gas well in Hill County, Montana. This was JBBO's second attempt to obtain permission from the Board to establish a spacing unit for a well in this area. The Board denied JBBO's first application because the well's proposed location was too close to a boundary line between it and a then-existing well known as the Seven R Farms well, operated by KOGI. The Board was concerned that the proximity of the proposed well would adversely affect the rights of KOGI to operate its pre-existing well. Prior to its second application, JBBO addressed these concerns by negotiating an agreement with KOGI aimed at ensuring the new well would not affect its interests in the Seven R Farms well. KOGI was satisfied by the terms of the agreement, and, believing the agreement was sufficient to protect its interests, withheld its objections to JBBO's second application. With an awareness of this

3

agreement and the express understanding that the new well would not interfere with the operation of the Seven R Farms well, the Board granted JBBO's second application and established a permanent spacing unit for the new well, known as the Rhodes well, by Order No. 213-2003.

¶4　　After the Rhodes well was up and running, Appellant Sandtana, Inc. discovered that the Seven R Farms well and the Rhodes well were drawn from the same pool of gas. On February 3, 2005, Sandtana filed an application with the Board to "pool" the interests of all the parties contained in the permanent spacing unit, including output from the Seven R Farms well. Sandtana argued the permanent spacing unit created by Board's Order No. 213-2003 entitled it to do this. Because Sandtana and the other Appellants in this matter are all holders of leasehold interests in the area covered by the permanent spacing unit, this pooling would have given them the right to take a share of the proceeds already generated by the Seven R Farms well. The Board denied Sandtana's application and subsequently amended its original order to clarify that the permanent spacing unit created by Order No. 213-2003 covered only the Rhodes well, and did not include the Seven R Farms well operated by KOGI.

¶5　　Appellants challenged the Board's decision before the District Court. They moved for partial summary judgment to declare the amended Order No. 213-2003 void under the doctrine of res judicata. KOGI and the Board also moved for summary judgment on the grounds that Appellants' suit was barred under the doctrine of judicial estoppel. Appellants challenged the application of judicial estoppel to the Board's decision, arguing that the law required a de novo trial on the issue of pooling.

4

¶6     After extensive briefing and oral argument on all issues involved, the District Court denied the Appellants' motions and granted summary judgment to KOGI and the Board. The District Court concluded the doctrine of judicial estoppel applied to the administrative proceedings of the Board, barred Appellants from challenging the actions of the Board in this matter, and that a de novo trial on the pooling issue was not required.

¶7     Appellants maintain on appeal that the District Court erred and should have found the Board's amended order void as a matter of law. They argue that the Board failed to follow the appropriate notice and hearing procedures prior to amending its original Order No. 213-2003. Appellants further argue that the doctrine of judicial estoppel was improperly applied by the District Court. We disagree. The record clearly establishes that all the elements of the doctrine of judicial estoppel were satisfied here and that the District Court correctly determined this was a sufficient basis upon which to decide this case.

¶8     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the District Court did not err in its disposition of this matter. Therefore, we affirm.

/S/ PATRICIA COTTER

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS

/S/ W. WILLIAM LEAPHART